## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21469-Civ-WILLIAMS/TORRES

GARVENS LACROIX,

      Plaintiff,

v.

LEJEUNE AUTO WHOLESALE, INC.,
and OVERALL RECOVERY, INC.,

      Defendants.

_____/

## ORDER ON DEFENDANT'S MOTION TO STAY DISCOVERY

This matter is before the Court on Lejeune Auto Wholesale, Inc.'s ("Lejeune" or "Defendant") motion to stay discovery pending final disposition of the motion to dismiss Garvens Lacroix's ("Plaintiff") amended complaint. [D.E. 22]. Plaintiff responded to Defendant's motion on September 2, 2020 [D.E. 26] to which Defendant replied on September 6, 2020. [D.E. 27]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, Defendant's motion to stay discovery is **GRANTED** pending final disposition of the motion to dismiss.

## I.     BACKGROUND

Plaintiff filed this action on April 6, 2020 against Lejeune and Overall Recovery, Inc. ("Overall Recovery") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*., and the Uniform Commercial Code ("UCC"), Fla. Stat. § 679.1011 *et seq*.  [D.E. 1].  Plaintiff alleges that, on August 23, 2019, he purchased from Lejeune a 2016 Dodge Charger on credit.  In connection with this transaction, the parties entered into a retail sales contract where Plaintiff used the vehicle for his personal use and, in return, Lejeune obtained a security interest.

On September 18, 2019, Plaintiff was sitting in his car when suddenly Overall Recovery arrived to repossess the vehicle.  Overall Recovery crashed its tow truck into the Dodge Charger and lifted it into the air despite Plaintiff's loud protests in opposition.  Overall Recovery and Plaintiff then argued for approximately one hour.  During this time, Plaintiff called Lejeune in an attempt to pay the outstanding balance due on the vehicle.  Although Lejeune agreed to accept payment, Overall Recovery advised that they would continue with the repossession because they were owed a collection fee.  Two police officers then arrived on the scene and advised Overall Recovery that it needed to cease the repossession because Plaintiff remained in the vehicle.  Plaintiff claims that the officers left the scene, but that Overall Recovery continued with the repossession in defiance of the officers' instructions.  Subsequently, an Overall Recovery employee threated Plaintiff to turn over the keys to the vehicle so that the repossession could continue

and Plaintiff reluctantly did so out of fear for his well-being.  Lejeune later sold the vehicle and, as a result, Plaintiff seeks damages, fees, costs, and interest.

## II.   APPLICABLE PRINCIPLES AND LAW

The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("At the outset, we stress the broad discretion district courts have in managing their cases."); *Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").  Additionally, "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

To prevail on a motion to stay, Defendant must demonstrate reasonableness and good cause.  "While overall stays of discovery may be rarely granted, courts have held good cause to stay discovery exists wherein 'resolution of a preliminary motion may dispose of the *entire action*.'"  *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla.), *aff'd*, 87 F. App'x 713 (11th Cir. 2003) (emphasis added) (quoting *Association Fe Y Allegria v. Republic of Ecuador,* 1999 WL 147716 (S.D.N.Y. Mar. 16, 1999)); *see also Patterson,* 901 F.2d at 927 (holding district court

did not abuse its discretion by staying discovery where pending dispositive motions gave court enough information to ascertain further discovery not likely to produce a genuine issue of material fact); *Feldman v. Flood,* 176 F.R.D. 651 (M.D. Fla. 1997) (holding stay of discovery not appropriate unless pending dispositive motion would dispose of entire action); *Spencer Trask Software and Information Services, LLC v. Rpost International Limited,* 206 F.R.D. 367 (S.D.N.Y. 2002) (holding good cause for discovery stay exists where dispositive motion has been filed and stay is for short time period that does not prejudice opposing party); *Simpson v. Specialty Retail Concepts, Inc.,* 121 F.R.D. 261 (M.D.N.C. 1988) (setting up balancing test for stays of discovery).

In the absence of a dispositive motion, courts have also granted motions to stay in the consideration of the following four factors: "(1) whether the litigation is at an early stage; (2) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (3) whether a stay will simplify the issues in question and streamline the trial; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citing *Tap Pharmaceutical Products, Inc. v. Atrix Laboratories, Inc.,* 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004); *Baxter International, Inc. v. Fresenius Medical Care Holdings, Inc.,* 2008 WL 4395854, at *3 (N.D. Ill. Sept. 25, 2008)).  One additional circumstance that has occasionally satisfied the aforementioned factors is the possibility of avoiding unnecessary expenses while the parties engage in mediation or settlement discussions that

might conserve the parties' resources and promote judicial economy.  *See, e.g.,* *ArrivalStar, S.A. v. Blue Sky Network, LLC*, 2012 WL 588806, at *2 (N.D. Cal. Feb. 22, 2012) ("The Court concludes that Blue Sky has shown good cause to justify a stay of discovery pending mediation.  The Court finds that staying discovery pending mediation will conserve the resources of the parties and will not impose an inequity on any party."); *see also Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances and granting a stay to permit mediation (or to require it) will often be appropriate.").

"In evaluating whether the moving party has met its burden, a court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery.'"  *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (emphasis added) (quoting *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)).  Thus, courts generally take a "preliminary peek at the merits of [the] dispositive motion to see if it appears to be clearly meritorious and truly case dispositive." *Feldman,* 176 F.R.D. at 652-53.

## III.   ANALYSIS

Lejeune seeks a stay of discovery pending final disposition of the pending motion to dismiss because, when the parties entered into a sales contract, it contained an express provision that allowed either party to resolve any dispute with binding arbitration.  Lejeune has chosen to proceed with arbitration and claims that

any further litigation in this forum will be a waste of both time and resources because this case does not belong in federal court.  Lejeune also claims that the pending motion to dismiss will resolve the entire action because, in addition to binding arbitration, Plaintiff has failed to comply with other perquisites prior to filing this action.  And even worse, Lejeune contends that Plaintiff's amended complaint fails to state a claim.  Because this case will soon be compelled to binding arbitration, Lejeune concludes that discovery should be stayed pending final disposition of the pending motion to dismiss.

In determining whether a discovery stay should be imposed, there is a "clear congressional purpose that the arbitration procedure" should "be speedy and not subject to delay and obstruction in the courts," and that when considering a motion to stay pursuant to the FAA, "a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967).  If this case is arbitrable, that means the "responsibility for discovery lies with the arbitrators," not a federal court.  *See CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002) (internal citations omitted); *see also* 9 U.S.C. § 7.  "Based upon these principles, courts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith." *Morat v. Cingular Wireless LLC*, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008) (citing *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (finding that the defendant's motion to dismiss [and compel arbitration]

was not filed for any improper purpose and temporarily staying discovery pending the resolution of the motion to dismiss); *In re Managed Care Litig.*, 2001 WL 6634391, at * 3 (S.D. Fla. June 12, 2001) (recognizing the complexity of the issues involved in the litigation and staying discovery for a limited period of time for the court to rule on the motions to dismiss and to compel arbitration); *Coneff v. AT&T Corp.*, 2007 WL 738612, at * 2 (W.D. Wash. 2007) (granting a protective order requesting a stay of merits discovery pending the resolution of a motion to compel arbitration, but declining to grant protective order with regard to discovery relevant to the issue of arbitrability)).[1]

Plaintiff takes issue with the motion to stay because Lejeune failed to provide any sufficient reasons to delay the litigation of this action.  But, Plaintiff's response ignores Lejeune's motion where it discusses the underlying arbitration clause in the sales contract that Plaintiff attached to his own amended complaint.  [D.E. 6-1]. The contract provides, in relevant part, that either party can enforce *any* dispute that arises from the transaction of the Dodge Charger, including disputes involving third parties that are not signatories to the contract:

> By signing below, you agree that, pursuant to the Arbitration Provision on page 6 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by court action.
> . . .
> Either you or we may choose to have any dispute between us decided by arbitration and not in court or by jury trial.
> . . .

---

[1]    Although Lejeune's motion is styled as a motion to dismiss, this is a distinction without a difference because the result remains the same.  That is, if the Court grants Lejeune's motion to dismiss, the parties will be required to litigate this case in binding arbitration.

> Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors, or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election be resolved by neutral, binding arbitration and not by a court action.

*Id*. at 2, 6.

Based on the language of the contract and Plaintiff's failure to explain how this action belongs in federal court, the appropriate action is to temporarily stay discovery pending final disposition of the motion to dismiss. *See Morat*, 2008 WL 11336388, at *2 ("The Court finds that Defendant's Motion to Compel was filed in good faith, and as a result, discovery into the underlying merits of the FACTA claim and the Rule 26(f) conference shall be temporarily stayed pending the resolution of the Motion to Compel Arbitration."). If the motion to dismiss is granted, both the parties and the Court would have benefitted in the conservation of valuable resources.[2]

This is not to say that Plaintiff failed to raise any arguments in opposition to Lejeune's motion to dismiss. It only means that the arguments (i.e. unconscionability) presented are unpersuasive because Plaintiff never alleges to be illiterate nor does he dispute that he signed the contract. Plaintiff also never

---

[2]     The parties should not take this preliminary peek as an indication of how the District Court will rule upon the pending motion to dismiss. Obviously, the District Judge will consider all of the arguments presented and go much further than the analysis provided here. A preliminary peek simply provides a cursory review to determine if the motion to dismiss has merit to stay discovery.

explains how the contract is void if, under Florida law, one is generally bound by the signing of a contact:

> It has long been held in Florida that one is bound by his contract. Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract, it is binding.  No party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without reading it.

*Allied Van Lines, Inc. v. Bratton*, 351 So. 2d 344, 347–48 (Fla. 1977) (citing *All Florida Surety Company v. Coker*, 88 So. 2d 508 (Fla. 1956)).  "Put simply, Florida law assumes that a party to a contract knows the terms of the contract but does not require that a party read it."  *Jacobs v. Chadbourne*, 733 F. App'x 483, 485 (11th Cir. 2018) (citing *Stonebraker v. Reliance Life Ins. Co. of Pittsburgh*, 123 Fla. 244, 166 So. 583, 584 (1936) ("The insured was a party to the contract.  The evidence shows that the contract was in his possession during the whole time from the date of delivery until insured died . . . [U]nder this state of facts the insured was bound by the terms expressed in the contract and is charged with knowledge of the provisions of the contract.")).

With that being said, after a thorough review of the amended complaint, there are no allegations that present an exception to this general rule.  Plaintiff does not even allege, for example, that Lejeune prevented him from reading the contract or that Lejeune induced him.  Plaintiff is instead attempting to amend his complaint in response to a motion to dismiss – a tactic courts have repeatedly refused to allow.  *See, e.g.*, *Brahim v. Holder*, 2014 WL 2918598, at *4 (S.D. Fla. June 26, 2014) ("It is axiomatic that a plaintiff may not amend his Complaint in a

9

response to a motion to dismiss.") (citing *Long v. Satz,* 181 F.3d 1275, 1278–79 (11th Cir. 1999)); *see also Bruhl v. PriceWaterhouseCoopers Int'l,* 2007 WL 997362, at *4 (S.D. Fla. Mar.27, 2007) (noting that a plaintiff may not supplant allegations made in their complaint with new allegations raised in a response to a motion to dismiss); *accord Walker v. City of Orlando,* 2007 WL 1839431, at *5 (M.D. Fla. Jun. 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a Motion to Dismiss).

But, even if we assume that Plaintiff had presented the necessary allegations in his amended complaint, a more serious problem arises because the contract requires arbitrators to determine whether the contract is enforceable.  And that can, of course, include arguments premised on unconscionability.  This means that, even if Plaintiff amends his complaint and includes the required allegations to support his arguments, he has failed to explain how this Court can determine whether his claims are arbitrable if the sales contract also reserves that question for binding arbitration.  [D.E. 6-1 at 6 ("Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute) . . . shall, at your or our election be resolved by neutral, binding arbitration and not by a court action.")].  For these reasons, Lejeune's motion to stay discovery is **GRANTED** pending final disposition of the motion to dismiss.

## IV.    *CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that
Lejeune's motion to stay discovery [D.E. 22] is **GRANTED** pending final disposition
of the motion to dismiss.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of
October, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

11